FILED
2020 Sep-04 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LEWIS DECARLO,** | ) |
|    **Plaintiff,** | ) |
| **v.** | )    **Civil Action No:** |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY,** | ) |
|    **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Reliance Standard Life Insurance Company ("Reliance Standard") timely files this Notice of Removal pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(a), (b), and (c), removing the above-captioned action to the United States District Court for the Northern District of Alabama, Northeastern Division, from the Circuit Court of Madison County, Alabama and states as follows:

1. The above-captioned action was commenced by Plaintiff Lewis DeCarlo ("DeCarlo") against Reliance Standard, Matrix Absence Management, Inc. ("Matrix"), and Dolgencorp, LLC ("Dolgencorp") in the Circuit Court of Madison County, Alabama on or about August 7, 2020. A true and correct copy of the Complaint and all other process, pleadings, and orders served on Reliance Standard are attached hereto as part of **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

9389280.2

2. Service of the Complaint, directed to Reliance Standard, was made on August 10, 2020. *See* Ex. A.

3. On September 4, 2020, DeCarlo voluntarily dismissed Matrix and Dolgencorp pursuant to Alabama Rule of Civil Procedure 41(a)(1). *See* Ex. A.

4. The United States District Court for the Northern District of Alabama, Northeastern Division, is the federal judicial district embracing the Circuit Court of Madison County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(c)(2) and § 1441(a).

5. In this lawsuit, DeCarlo seeks benefits under a Long Term Disability policy insured by Reliance Standard. *See* Complaint. A true and correct copy of Policy No. LTD 119985 (the "Policy") is attached hereto as **Exhibit B**. Reliance Standard issued the Policy to Dollar General Corporation to provide Long Term Disability benefits for its employees. Dolgencorp is the successor company to Dollar General Corporation and DeCarlo's former employer. Dollar General paid 100% of the premiums for eligible employees. Therefore, the Policy is part of an employee welfare benefit plan, as defined by ERISA.

6. The provision of Long Term Disability benefits through the Policy to Dolgencorp's employees constitutes the establishment and maintenance of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 of ERISA.

7.      This action is removable to this Court pursuant to 28 U.S.C. § 1331 because the claim asserted in the Complaint is completely preempted, as it involves exclusive federal remedies available to participants and beneficiaries of ERISA-governed plans. 29 U.S.C. § 1132(a); *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). In *Davila*, the United States Supreme Court held, "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted . . . . [C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

8.      Here, DeCarlo's cause of action attempts to duplicate, supplement, and supplant the remedies provided within the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), and thus is removable to this Court. Specifically, 29 U.S.C. § 1132(a)(1)(B) provides, "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

9. A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441 as an action arising under a federal law. *See Metropolitan Life*, 481 U.S. 58; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

10. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441.

11. This Court also has diversity jurisdiction under 28 U.S.C. § 1332, as there exists complete diversity between DeCarlo and Reliance Standard. DeCarlo is a resident of and is domiciled in Alabama. Complaint at ¶ 1. Reliance Standard is an Illinois corporation with its principal place of business in Pennsylvania.

12. The amount in controversy exceeds $75,000 exclusive of interest and costs.

13. This Notice of Removal is being filed within thirty (30) days of Reliance Standard's receipt of the Complaint as required by 28 U.S.C. § 1446(b).

14. All pleadings, process, or orders served on Reliance Standard are attached to this Notice as required by 28 U.S.C. § 1446(a).

15. A true and correct copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Madison County, Alabama, as required by 28 U.S.C. § 1446(d).

16. All fees required by law in connection with this notice have been paid.

Respectfully submitted this the 4th day of September, 2020.

> *s/Trey Bundrick*
> Attorney for Defendant
> Reliance Standard Life
> Insurance Company

**OF COUNSEL:**

Christopher L. Yeilding
Trey Bundrick
BALCH & BINGHAM LLP
1901 6th Avenue North
Suite 1500
Birmingham, AL 35203
Telephone:  (205) 251-8100

## CERTIFICATE OF SERVICE

I certify that I served the foregoing upon the following counsel of record via the Court's electronic filing system and/or U.S. mail on this the 4th day of September, 2020:

Kenneth D. Hampton
2004 Poole Drive, Suite A
Huntsville, AL 35810

> *s/Trey Bundrick*
> Of Counsel

5

9389280.2